IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JESSE SEARCY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 1-15-CV-381  RP |
| | § | |
| T.F.R. ENTERPRISES, INC. and | § | |
| TIPTON ROWLAND, | § | |
| | § | |
| Defendants. | § | |

### **ORDER**

Before the Court is Plaintiff's Motion to Remand, filed June 5, 2015 (Clerk's Dkt. #5). After reviewing the parties' pleadings, relevant case law and the case file, the Court issues the following order.

### I.  BACKGROUND

Plaintiff Jesse Searcy ("Searcy") filed this action in Travis County Court at Law No. 1 on April 10, 2015. Plaintiff named as defendants T.F.R. Enterprises, Inc. (TFR") and Tipton Rowland ("Rowland"). Defendants removed the action to this Court on May 8, 2015.

Plaintiff alleges he began working for Defendants in February 2014 as a mechanic. He further alleges he was injured on the job in September 2014. Plaintiff states he informed TFR about his injury. According to Plaintiff, Defendants' agent, Sharon Lyell ("Lyell"), took him to the doctor and paid for his treatment, but did not report his injury to TFR's worker's compensation provider as required.  (Plf. Orig. Pet. ¶ 8).

Plaintiff further states he was again injured on the job on January 5, 2015. He sought treatment for his injury at a hospital and informed Defendants of his injury the following day. Lyell reported this injury to TFR's worker's compensation provider. According to Plaintiff, his doctor placed him on restrictions, but Rowland would not permit him to work light duty or otherwise comply with the restrictions. Plaintiff also alleges Rowland "expressed a negative attitude" toward his injury

and forced him to go back to work. (*Id.*).

Plaintiff alleges he reinjured himself as a result. He then disclosed to Defendants that he needed surgery and needed to follow his restrictions. According to Plaintiff, Rowland again refused to comply with the restrictions. Plaintiff states, shortly thereafter, in March 2015, Defendants terminated his employment. According to Plaintiff, the reasons given for terminating his employment were pretext for terminating him because of his worker's compensation claim. (*Id.*).

Plaintiff additionally alleges he regularly worked in excess of forty hours per week while working for Defendants. He asserts he was a non-exempt employee entitled to overtime pay pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff alleges he was not paid at the rate of one and one-half his regular rate for the hours worked in excess of forty in a workweek. He also alleges Defendants knew, or showed reckless disregard for whether, their failure to pay overtimes wages was in violation of the FLSA. (*Id.* ¶ 9).

Plaintiff alleges a causes of action for violation of the anti-retaliation provisions of the Texas Worker's Compensation laws, codified in the Texas Labor Code. (*Id.* ¶¶ 10-12). He additionally alleges a cause of action under the FLSA. (*Id.* ¶¶ 13-15).

Plaintiff has now moved to remand, asserting the removal of his worker's compensation claim was improper. Specifically, he contends removal of such a claim is prohibited. Plaintiff maintains the proper remedy is to sever his claim under Texas law and remand that claim to Texas state court.

## II. STANDARD OF REVIEW

A case may be removed to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a). A case may be removed to federal court if it is "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). Implementation of this statute is controlled by the well-pleaded

complaint rule. This rule provides that a "properly pleaded complaint governs the jurisdictional determination and if, on its face, such a complaint contains no issue of federal law, then there is no federal question jurisdiction." *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160-61 (5th Cir. 1989). Stated differently, removal is proper if the complaint establishes: (1) federal law creates the cause of action; or (2) federal law is a necessary element of one of the well-pleaded claims. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09, 108 S. Ct. 2166, 2173-74 (1988); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2856 (1983). The burden of establishing federal jurisdiction is on the party seeking removal. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997).

### III.  DISCUSSION

Plaintiff does not dispute that his FLSA claim arises under federal law and was thus properly removed. Rather, Plaintiff moves to sever and remand his Texas law claim on the basis of 28 U.S.C. § 1445(c). That statute specifically prohibits removal of "[a] civil action in any State court arising under the workmen's compensation laws of such State." 28 U.S.C. § 1445(c).

The Fifth Circuit has made clear that section 1445(c) acts as a bright line rule which prohibits the removal of any state worker's compensation claims. *Trevino v. Ramos*, 197 F.3d 777, 781-82 (5th Cir. 1999); *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1118 (5th Cir. 1998). Plaintiff claim that his employment was terminated as a result of his worker's compensation claim clearly falls within the mandate of section 1445(c). *See* TEX. LAB. CODE. ANN. §§ 451.001-.002 (Vernon 2006) (providing remedy to employee discharged or discriminated against for a worker's compensation claim, hiring lawyer for purpose of filing claim, causing the Worker's Compensation Division to institute investigative proceeding, or testifying at investigative proceeding).

Both the Fifth Circuit and other courts in Texas have recognized severance as the

appropriate remedy for the improper removal of a worker's compensation claim. *See, e.g., Sherrod*, 132 F.3d at 1118 (district court erred by failing to sever and remand state worker's compensation claims pled in conjunction with federal question); *Gonzalez v. Whelan Sec. Co.*, 507 F. Supp. 2d 687, 690 (W.D. Tex. 2006) (federal court is obligated to remand worker's compensation claim to state court regardless of whether court can exercise jurisdiction over plaintiff's other claim); *Hernandez v. Adesa San Antonio, Inc.*, 2005 WL 3047937, at *1 (W.D. Tex. Nov. 15, 2005) (*Sherrod* compels remand of worker's compensation claim where Plaintiff has not waived remand); *Martinets v. Corning Cable Sys., L.L.C.*, 237 F. Supp. 2d 717, 720 (N.D. Tex. 2002) (severing worker's compensation claim as improperly removed and remanding back to state court). The Court therefore concludes remand of Plaintiff's worker's compensation claim is warranted.

## V.  CONCLUSION

Accordingly, Plaintiff's Motion to Remand (Clerk's Dkt. #5) is hereby GRANTED. Plaintiff's cause of action under Texas worker's compensation laws is hereby SEVERED and REMANDED to Travis County Court at Law No. 1.

**SIGNED** on July 15, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE